NELSON S. MERCER ET AL., APPELLANTS, V. PAYNE & CARNABY COMPANY ET AL., APPELLEES.

FILED MARCH 27, 1923. No. 22260.

1. **Specific Performance:** CONTRACT FOR LEASE. A petition for the specific performance of a contract obligating defendants to lease building lots from plaintiffs for the term of 99 years is not necessarily demurrable as indefinite and uncertain because the contract contains a provision that the lease shall contain the "usual conditions" of a 99-year lease.

2. **Customs and Usages.** A usage relating to conditions of a 99-year lease may be a provable fact.

3. **Landlord and Tenant:** CONTRACT FOR LEASE. A contract to lease building lots for 99 years is not unenforceable merely because the owner of the fee reserves the right to approve the form in which the terms of the lease, as fixed by the parties, are to be couched.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. Reversed.

William H. Herdman, for appellants.

William Baird & Sons, contra.

Heard before LETTON, ROSE and DEAN, JJ., RAPER, District Judge.

ROSE, J.

This is a suit in equity for the specific performance of a contract obligating defendants to lease from plaintiffs three building lots for 99 years. The trial court sustained a demurrer to the petition on the ground that the contract is indefinite and uncertain in its terms. From a dismissal of the suit plaintiffs have appealed.

There is nothing presented by the appeal except the sufficiency of the petition to state a cause of action for specific performance. The contract was executed and delivered. A copy is attached to the petition. Plaintiffs received $2,500 as part of a stipulated cash payment of $15,000 to be paid within 60 days. The lots were described in the contract. The following terms, among others, were definitely stated in the agreement by defendants to enter into the lease: Period of tenancy 99 years; annual net rental for the first ten years, $6,000; annual net rental for the second ten years, $6,900; annual net rental for the last 79 years, $8,000; option to purchase at stated times for specific amounts.

In addition to other terms, the contract contains an expression in this form: "The lease to contain the usual conditions of a ninety-nine year (99) lease." This clause as it appears on the face of the contract is the principal ground of demurrer. It is argued by defendants that the contract thus appears to be too indefinite and uncertain for enforcement by specific performance. The position is untenable. The words, "usual conditions," in the connection employed, refer to a usage or course of dealing on conditions applicable

to the making of 99-year leases. By inserting the phrase quoted, both parties recognized the existence of a usage conforming to conditions having a definite import. For the purposes of the demurrer, it is proper to infer that the parties, in a matter of such magnitude, acted in good faith with reference to a usage which does not leave in doubt the "usual conditions" of a 99-year lease. Usage in this sense is a provable fact and is so understood by courts of equity. It is different from a custom having the effect of law. For anything appearing on the face of the contract or the petition, the provision assailed as indefinite and uncertain may be reduced by evidence to definite terms. In respect to this phase of the contract for the lease, the petition contains the plea that "the usual terms and conditions of said lease were fully and finally agreed upon by and between these plaintiffs and defendants." In addition, the "usual conditions" to which the parties are alleged to have agreed are specifically set out in a form of lease attached to the petition. The issue is one of fact and not of law. This is an instance for the application of the familiar rule declaring, "That is certain which by necessary reference is made certain." Sufficient evidence of "usual conditions" of a 99-year lease, to which the parties agreed, will, in that particular, leave nothing open for negotiation. The petition, therefore, is not demurrable on the ground that the contract pleaded is indefinite and uncertain in the respect mentioned.

It is further argued that the contract is not enforceable, because it is therein stated the form of the 99-year lease is to be approved by the owner of the fee. This condition relates alone to the approval of the form in which the terms of the lease, as fixed by the parties in their preliminary contract, are to be couched. It does not authorize the lessor to change in any manner the terms on which the minds of the parties met, when they entered into their contract for the lease. The sus-

taining of the demurrer cannot be justified on this ground.

Other grounds of demurrer are suggested, but no substantial reason has been found for holding that the petition does not state facts sufficient to constitute a cause of action for specific performance. The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.